IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWAIIAN M. JONES, ) | |
|     Plaintiff, ) | Civil Action No. 7:14cv00337 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, *et al.*, ) | By: Michael F. Urbanski |
|     Defendants. ) | United States District Judge |

Owaiian M. Jones, a Virginia inmate proceeding *pro se*, filed a complaint that the court construes as arising from 42 U.S.C. § 1983 and Virginia law, with jurisdiction vested in 28 U.S.C. §§ 1331, 1334, and 1367.[1] The court finds that Jones has failed to state a claim against any of the named defendants and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Jones names as defendants the Commonwealth of Virginia, the Supreme Court of Virginia, the "McCoding General Assembly,"[2] the Governor's Office, the Department of Corrections, the Sheriff of Roanoke City, the Superintendent of Rappahannock Regional Jail, the Sheriff of Stafford County, the Commonwealth's Attorney for Stafford County, the Virginia State Police, and the FBI. In support of his complaint, Jones alleges that "major and minor crimes, such as physical[] and sexual[] assaults are occurring against all inmates by one another and deputies and/or guards," "security is lacking, communication is distorted and blocked," and "inmates are treated basically inhumane . . . for example, freezing, too hot, sleeping on concrete, metal, and/or being robbed by guard[s]. . . ." Jones argues that neither the "FBI nor Virginia State Police, who provide supervisory roles in this matter, take their responsibilities seriously"

---

[1] Jones states that he is asserting his claim "based on violation of the constitutional rights or U.S. Constitution[] of America and Virginia Constitution[] and all derivative law such as federal and state statutes, cases, and rules."

[2] The court notes that Jones' handwriting is illegible in parts of his complaint.

because they have not given Jones "even a courtesy interview . . . after numerous complaints by [him] and citizens of Virginia." Jones questions why "anyone is observing any laws in Virginia when the courts, jails, and law enforcement, Commonwealth's Attorn[ey]s . . . and especially [the] County of Stafford and City of Roanoke, the General Assembly, [and Governor's Office] are derelict [in] the[ir] duties by failing to adequate[ly] supervise." Among other things, Jones requests $250 billion and to "end the tyranny."

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Jones' allegations are far too vague and conclusory to state a cognizable federal claim against any of the named defendants. Accordingly, the court finds that Jones has failed to state a claim upon which relief may be granted and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Entered: July 28, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge